IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

BROWARD DIVISION

CASE NO. **06-60201**

CIV-COHN  MAGISTRATE JUDGE
SNOW

JOHN DOE (M.P.), a minor, by and
through his parent and legal guardian,
WILLIAM DOE, and WILLIAM DOE,
individually

    Plaintiffs

vs.

COSTA CRUISE LINES N.V., and
COSTA CROCIERE, S.p.A.,

    Defendant

_____/

## COMPLAINT

Plaintiff, **JOHN DOE**, a minor ("Plaintiff"), by and through his parent, **WILLIAM DOE**, and **WILLIAM DOE**, individually (Plaintiff and **WILLIAM DOE** are sometimes hereinafter collectively referred to as "Plaintiffs"), sue Defendant, **COSTA CRUISE LINES N.V., and COSTA CROCIERE, S.P.A.**(hereinafter "Defendant"), and allege as follows:

1. This is an action for damages in excess of the jurisdictional limits of this Court, exclusive of costs and interest. Plaintiff is seeking damages in excess of seventy five thousand dollars ($75,000.00), exclusive of interest, costs and attorney's fees. This Court has jurisdiction based on diversity of citizenship 28 USC § 1332; 28 USC § 1441.

2. Plaintiff, **JOHN DOE**, a minor, is a citizen of Ontario, Canada. Plaintiff, **JOHN DOE**, was thirteen years old at the times alleged herein. **JOHN DOE** is not **JOHN**



**DOE's** real name but is a pseudonym used to protect **JOHN DOE's** confidentiality.

3. **WILLIAM DOE** is a citizen of Ontario, Canada and is the parent and legal guardian of **JOHN DOE**. **WILLIAM DOE** is not **WILLIAM DOE's** real name but is a pseudonym used to protect **WILLIAM DOE's** confidentiality.

4. Defendant is a for-profit foreign corporation, based in Hollywood, Florida. Defendant is authorized to conduct and is conducting business in the State of Florida. Defendant has consented to jurisdiction and venue in this forum in its contract of carriage, and requires that all claims by passengers be filed in this jurisdiction.

5. At all times material hereto, Defendant personally or through an agent:

   a. Operated, conducted, engaged in and/or carried on a business venture in the State of Florida, and in particular Miami-Dade County, Florida;

   b. Engaged in substantial business activity in the State of Florida, and in particular in Miami-Dade County, Florida;

   c. Operated vessels and provided vessels for cruises in the water of this state; and

   d. Committed one or more acts as set forth in Florida Statute Section 48.08 (1), 48.181, and 48.193, which submit Defendant to jurisdiction and venue of this Court.

6. Pursuant to a contract of carriage with Defendant, Plaintiffs embarked on a cruise aboard the vessel, M/S ATLANTICA, for the purpose of enjoying a vacation cruise.

6. At all material times, Defendant owned and/or operated the cruise ship as a common carrier and employed the crew.

7. At all material times, Defendant had a duty to use reasonable care for the health and personal safety of the passengers, including Plaintiff, during the cruise.

8. At all material times, Defendant owed Plaintiff the duty to protect the passengers on the cruise ship, including Plaintiff, from the willful and/or intentional and/or criminal conduct of its employees and crew members.

9. Defendant promotes its fleet of cruise ships as offering safe and family friendly vacations where passengers can relax without fear of injury or crime. Defendant represents that it has established procedures to investigate sexual crimes according to the cruise industry's alleged "zero tolerance" program. Defendant represents that passenger safety and security is Defendant's "highest priority," and that it is held to the most stringent legal standards in cases of sexual assaults. Defendant represents that it has established procedures in the regular course of its business to investigate, collect evidence, report, and refer incidents of sexual crime to shore-side law enforcement authorities. Defendant also represents that it fully cooperates with law authorities to ensure that perpetrators of crime are brought to justice and prosecuted to the fullest extent of the law.

10. At all material times, Defendant employed and controlled a crew member aboard the M/S ATLANTICA whose first name is believed to be "Paulino"(hereinafter referred to as "Assailant"), but whose full name is not known to Plaintiffs despite Plaintiffs' request to Defendant to disclose his identity. Defendant refuses to respond to Plaintiffs' complaints.

11. At all material times, Assailant was a member of the crew of the M/S ATLANTICA and was acting in the course and scope of his employment with Defendant.

12. On or between March 13, 2005 to March 20, 2005, Assailant sexually

assaulted and battered Plaintiff, a minor child. On four separate occasions, Assailant lured Plaintiff, who is a learning disabled child, to a secluded location and intentionally and made unwanted sexual contacts with him, including forced oral sex, and otherwise battered Plaintiff for his personal sexual arousal and gratification. The conduct of Defendant's employee, Assailant, was factually and legally non-consensual and constituted an unlawful sexual assault and battery.

13. Defendant is strictly liable to Plaintiff for the willful and/or intentional and/or criminal conduct of Assailant who sexually assaulted and battered Plaintiff.

14. Defendant's employee, Assailant, violated Plaintiff's person, integrity, health, safety, and well-being, during the course and scope of his employment with Defendant.

15. As a direct and proximate result of Defendant's breach of duty, Plaintiffs have suffered the following damages:

a. Plaintiff suffered both physical and psychological damages, including but not limited to, mental pain and suffering, physical pain and suffering, serious bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, embarrassment, aggravation of a pre-existing condition and loss of the ability to lead a normal life;

b. Plaintiffs incurred and continue to incur the expense of Plaintiff's medical treatment;

c. Plaintiffs lost the value of the cruise and related travel expenses and related costs; and

d.  Plaintiff has experienced a diminishment in his capacity to earn wages in the future.

These losses and injuries are either permanent or continuing and Plaintiff will suffer these losses and injuries in the future.

16. Plaintiffs notified Defendant of their intent to assert a claim in a timely manner. All pre-conditions to bringing this action have been met or have been waived.

## COUNT I
## NEGLIGENCE

17. Plaintiffs re-adopt and re-allege paragraphs 1 through 16, and further allege as follows:

18. Defendant breached the duty to exercise reasonable care for the safety of its passengers, including Plaintiff, and was negligent in one or more of the following respects:

   a. By failing to promulgate, monitor and enforce rules or policies regarding the prohibition against crew members having contact and interaction, including sexual relations, with passengers;

   b. By failing to have an adequate system in effect to prevent passengers from being sexually assaulted and battered by Defendant's employees;

   c. By failing to adequately screen its employees, or otherwise conduct adequate background checks on its employees, to prevent the hiring of sexual predators who prey on unsuspecting women and children;

   d. By failing to adequately train its employees;

   e. By failing to adequately supervise its employees;

   f. By hiring inexperienced or non-experienced security personnel;

g. By failing to provide an adequate number of supervisory personnel aboard the vessel;

h. By performing inadequate security checks of the premises;

i. By failing to equip the vessel with video and security monitoring of areas where passengers have been and will be assaulted;

j. By failing to train, supervise, or discipline the employee in question;

k. By failing to adequately warn passengers aboard Defendant's vessels that there are real and significant dangers aboard the vessel, including the fact that other passengers have been sexually assaulted by crew members, and by failing to advise passengers that a heightened degree of care should be exercised when dealing with the crew members aboard the vessel;

l. By deliberately creating an environment whereby passengers would be deceived into believing that they are in a safe and friendly "family" environment where it is safe to interact with male crew members where, in reality, passengers are at risk of being targeted and attacked by sexual predators;

m. By covering up prior sexual assaults aboard Defendant's vessels, thereby preventing the public from gaining knowledge regarding potential dangers aboard Defendant's vessels regarding sexual assaults;

n. By failing to investigate similar incidents on its vessels;

o. By failing to implement policies or procedures to track prior instances of sexual assaults so that the environment which permits and encourages such behavior can be identified and eliminated and/or passengers could be warned of the dangers posed to their health and physical and mental well being;

p. By concealing, suppressing, and mis-characterizing information involving prior incidents where passengers are victimized aboard Defendant's vessels;

q. By protecting Defendant's business interests and media image at the expense of the fundamental rights of the passengers and other members of the public who will be subjected to sexual assaults and batteries and otherwise victimized in the future; and

r. By other acts of wrongdoing or intentional conduct which will be revealed in discovery and proven at trial.

19. Pursuant to the doctrine of *respondeat superior*, Defendant is liable for any negligence that may be attributable to any of it's employees who contributed to Plaintiff being sexually assaulted and battered on Defendant's cruise ship.

20. As a direct and proximate result of the foregoing negligence of the Defendant, Plaintiff suffered the following damages:

a. Plaintiff suffered both physical and psychological damages, included but not limited to, mental pain and suffering, physical pain and suffering, serious bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, embarrassment, aggravation of a pre-existing condition and loss of the ability to lead a normal life;

b. Plaintiffs incurred the expense of Plaintiff's medical treatment;

c. Plaintiffs lost the value of the cruise and related travel expenses and related costs; and

d. Plaintiff has experienced a diminishment in his capacity to earn wages in the future.

These losses and injuries are either permanent or continuing and Plaintiffs will suffer these losses and injuries in the future.

WHEREFORE, Plaintiffs demand judgment against Defendant for compensatory damages, including costs, interest, and other relief deemed appropriate by the Court, attorney fees where permitted by rule or statute, and trial by jury of all issues so triable.

## COUNT II
## BREACH OF CONTRACT - STRICT VICARIOUS LIABILITY

21. Plaintiffs re-adopt and re-allege paragraphs 1 through 16, and further allege as follows:

22. The above described actions of Defendant's employee, Assailant, sexually assaulting and battering Plaintiff constitute a breach of the contracts of common carriage, thereby rendering Defendant strictly liable for the damages caused by the willful and/intentional and/or criminal conduct of its employees.

23. As a direct and proximate result of the foregoing negligence of the Defendant, Plaintiff suffered the following damages:

   a. Plaintiff suffered both physical and psychological damages, included but not limited to, mental pain and suffering, physical pain and suffering, serious bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, embarrassment, aggravation of a pre-existing condition and loss of the ability to lead a normal life;

   b. Plaintiffs incurred the expense of Plaintiff's medical treatment;

   c. Plaintiffs lost the value of the cruise and related travel expenses and related costs; and

d. Plaintiff has experienced a diminishment in his capacity to earn wages in the future.

These losses and injuries are either permanent or continuing and Plaintiffs will suffer these losses and injuries in the future.

WHEREFORE, Plaintiffs demand judgment against Defendant for compensatory damages, including costs, interest, and other relief deemed appropriate by the Court, reasonable attorney fees where permitted by rule or statute, and trial by jury of all issues so triable.

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury on all issues triable by jury.

WALKER & O'NEILL, P.A.
Dadeland Centre, Suite 1602
9155 South Dadeland Blvd.
Miami, Florida 33156
(305) 995-5300
(305) 995-5310 (facsimile)

By: _____
JAMES M. WALKER
FLA. BAR NO. 755990

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET
CIV-COHN

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFFS** John Doe (M.P.), a minor, by and through his parent and legal guardian, William Doe, and William Doe, individually

**DEFENDANTS** Costa Cruise Lines, N.V. and Costa Crociere, S.p.A.

MAGISTRATE JUDGE SNOW

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Niagara County - Canada
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Broward
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS** (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) Walker & O'Neil, P.A., Dadeland Centre, 9155 South Dadeland Blvd, Suite 1602, Miami, FL 33156

ATTORNEYS (IF KNOWN) **06-60201**

**(d) CIRCLE COUNTY WHERE ACTION AROSE:** DADE, MONROE, (BROWARD), PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

0:06cv60201-Cohn

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med Malpractice | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 RR & Truck | **A PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | **B SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | A☐ 791 Empl. Ret. Inc. Security Act | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | A☐ 871 IRS — Third Party 26 USC 7609 | A OR B |
| | | B☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 USC 1332 - Diversity of Citizenship; Plaintiff was Sexually Assaulted during cruise.

LENGTH OF TRIAL
via ___ days estimated (for both sides to try entire case)

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 2/13/06

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 336373   AMOUNT 250   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____